UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00126-FDW

| | |
|---|---|
| KEITH DOUGLAS ROBINSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>FNU VAUGHN, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Keith Douglas Robinson's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to the instant § 2254 Petition, was found guilty by an Iredell County Superior Court jury of first-degree rape, first-degree kidnaping, and first-degree sexual offense. He was given two consecutive 339 to 416-month sentences. Judgment was entered on March 22, 2001 and affirmed on direct appeal on October 1, 2002. (Pet. 1-2, Doc. No. 1.)

Between January 2004 and October 11, 2007, Petitioner pursued post-conviction relief in the state courts. See Order Dismiss. § 2254 Pet. at 1-2, Robinson v. Brown Creek Correctional Inst., No. 5:08-cv-00068-GCM (W.D.N.C. Aug. 1, 2008), Doc. No. 2. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on July 14, 2008, challenging his 2001 judgment. Id. at 2. The Court dismissed the petition as time-barred on August 1, 2008. Id. at 5-6. The Fourth Circuit Court of Appeals dismissed petitioner's appeal on March 9, 2009. Order Dismiss. Appeal, id. at Doc. No. 11.

1

On May 1, 2018, Petitioner filed a petition for writ of habeas corpus in Durham County Superior Court; it was denied on May 15, 2018. (Pet. 4). Thereafter, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his state habeas petition; his certiorari petition was denied on June 15, 2018. (Pet. 4-5.)

Petitioner filed the instant § 2254 Petition on August 6, 2018, when he signed it under penalty of perjury and placed it in the prison mail system (Pet. 15). See Houston v. Lack, 487 U.S. 266, 267 (1988). He again challenges his 2001 judgment. Petitioner filed the Petition in the United States District Court for the Eastern District of North Carolina, which transferred the action here, where venue is proper. (Doc. Nos. 3, 4.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to examine habeas petitions promptly. 28 U.S.C. § 2254 Rule 4. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a subsequent § 2254 petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153

(2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit to file a successive habeas petition challenging his 2001 judgment. See § 2244(b)(3)(A). Consequently, the instant Petition must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition;

2. The Court waives the $5.00 filing fee but makes no finding with respect to whether Petitioner may proceed in forma pauperis as he has not filed the required application and affidavit; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of

the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge